COPY

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

12 OCT 19  PM 3:44

FILED

1  MCCOY, TURNAGE & ROBERTSON, LLP
2  James R. Robertson (California Bar #204923)
   Email: jrr@mtrlaw.com
3  5469 Kearny Villa Road, Suite 206
   San Diego, California 82123
4  Telephone:  (858) 300-1900
5  Facsimile:  (858) 300-1910

6  STUMPHAUZER | O'TOOLE
7  Matthew A. Dooley      (Ohio Bar #0081482)*
   Email: mdooley@sheffieldlaw.com
8  Anthony R. Pecora    (Ohio Bar #0069660)*
9  Email: apecora@sheffieldlaw.com
10 5455 Detroit Road
   Sheffield Village, Ohio 44054
11 Telephone:  (440) 930-4001
12 Facsimile:  (440) 934-7208

13 * Pro Hac Vice Admission Pending

14

15          IN THE UNITED STATES DISTRICT COURT
16          FOR THE CENTRAL DISTRICT OF CALIFORNIA

17 MARK ANDREW JOHNSON, on         CV12-09038RGK(JCx)
18 behalf of himself and all others similarly    Case No.:
   situated,
19
20          Plaintiff,              CLASS ACTION COMPLAINT
21                                  FOR VIOLATIONS OF THE FAIR
      vs.                          CREDIT REPORTING ACT
22 A-CHECK AMERICA, INC. a         (Jury Demand Endorsed Hereon)
23 California Corporation,
24
25          Defendant.
26
27
28

1

## PRELIMINARY STATEMENT

1.      This is an action based upon Defendant's, A-Check America, Inc.'s ("A-Check"), violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681a-1681x ("FCRA").

2.      Plaintiff, Mark Andrew Johnson ("Johnson") and the putative class members bring this action on behalf of thousands of job applicants throughout the United States who have been the subject of adverse consumer reports created by A-Check and sold for employment purposes. A-Check did not provide Johnson and other similarly situated consumers timely and lawful notice that it was furnishing an employment purposed consumer report at the time it did so. This important requirement is intended to provide consumers immediate notice of the furnishing of the report and details necessary to preemptively contact the reporting agency to obtain, and when appropriate, correct information in the report. It is also intended to alert the consumer of the employer's use of the report to provide an opportunity to address any concerns or  derogatory history in the report directly with the employer. A-Check's failure to comply with these long standing requirements denied Johnson and each putative class member these important rights.

**JURISDICTION AND VENUE**

4.      The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

5.      Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to Johnson's claims occurred in this district.  28 U.S.C. § 1391(b).  Further, A-Check is subject to personal jurisdiction in this district.  28 U.S.C. § 1391(c).

**PARTIES**

6.      Johnson is and has been a resident of Phoenix, Arizona during all periods relative to this complaint.  Further, Johnson is a consumer within the meaning of 15 U.S.C. § 1681a(c).

7.      A-Check is a California corporation headquartered in Glendale, California and is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a.

**FACTUAL ALLEGATIONS**

8.      According to A-Check, "A-Check America delivers some of the industry's fastest turnaround times, with 92% of completed reports returned within client turnaround guidelines. We understand the urgency of the task you place in our hands."

9.     A-Check makes its reports available to employers using a web portal called A-Check Direct.

10.     According to A-Check, "A-Check Direct, the industry's most advanced employment screening web application, dramatically streamlines the employee screening process by providing an intuitive interface connected to a powerful back-end system."

11.     A-Check markets the rapid availability of its reports through A-Check Direct, claiming, "Information entered on A-Check Direct is updated in real time, immediately providing users the most current data available. When a request is entered, components immediately begin to populate the report, starting with automated searches which are available in a matter of seconds."

12.     A-Check sells many different types of consumer reports for employment purposes, including reports derived from national databases and reports containing information purportedly verified with local jurisdictions.

13.     According to A-Check, "A-Check's National Criminal Database Search (NATCRIM) includes over 500 million criminal records from all fifty states, the District of Columbia, Puerto Rico and U.S. territories. The NATCRIM search is used to develop additional jurisdictions in which to

search courthouse records."

14.    Further, "The NATCRIM search perfectly compliments [sic] county courthouse searches by increasing the chances of catching additional criminal data from places of work or residence not disclosed during the application process. Results are available within minutes when ordered via A-Check Direct and all information reported is FCRA compliant."

15.    With an emphasis on the trucking industry, A-Check acknowledges that "[d]elays in background screening reports are unacceptable in the trucking industry. Qualified applicants can be lost to competitors when they can get a driver behind the wheel faster."

16.    A-Check's NATCRIM search results are among those available instantly to employers using A-Check Direct, even before the information is purportedly verified with any local jurisdiction.

17.    As part of the A-Check Direct user interface, employers are notified by a yellow cautionary icon when the NATCRIM report reveals an "area of concern".

18.    A-Check, as a pattern or policy, does not notify consumers at the time A-Check identifies these "areas of concern" in a consumer's NATCRIM report.

19.   Criminal records identified in the NATCRIM report may be further reviewed with the local jurisdiction, but only after raw and unverified information is initially provided to the employer.

20.   Moreover, A-Check reports criminal record information that antedates the report by more than 7 years in California were the reporting of such outdated information is prohibited.

21.   In October of 2010, Johnson sought employment with KKW Trucking, Inc. ("KKW") in Pomona, California. As part of the applicant screening process, KKW engaged A-Check to provide a consumer report regarding Johnson.

22.   Upon receiving KKW's request, A-Check furnished KKW with a NATCRIM report consumer report identifying a 2000 misdemeanor conviction in Pima County, Arizona regarding a stranger, a 2000 "guilty" disposition in Pima County, Arizona regarding a case without any description of the charge or offense, two 2008 misdemeanors in Maricopa County, Arizona that were dismissed, and one 1998 misdemeanor conviction in Wood County, Wisconsin.   The NATCRIM report further failed to provide the source of the public record information, including the originating court for these offenses.

23.     A-Check then purportedly searched Pima, Maricopa and Wood counties, and provided KKW with additional information regarding the offenses identified in the NATCRIM report.  Such additional information included two 2008 misdemeanors in Maricopa County, Arizona that were dismissed, three 1997 misdemeanor convictions in Wood County, Wisconsin, a 2000 misdemeanor conviction in Pima County, Arizona and a 1998 misdemeanor conviction in Pima County, Arizona.  The non-descript 2000 "guilty" disposition in Pima County, Arizona, which was identified in Johnson's NATCRIM report was not included in the follow up review of Pima County's records.

24.     Johnson's NATCRIM report contained information, which was likely to have an adverse effect on his ability to obtain employment with KKW.

25.     At no point did A-Check provide contemporaneous notice to Johnson that it had provided the NATCRIM report to KKW.

26.     At all times pertinent hereto, A-Check was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment and under the direct supervision and control of A-Check.

27.    At all times pertinent hereto, A-Check's conduct, as well as that of their agents, servants, and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of federal and state laws.

## COMMON QUESTIONS

28.    For at least five (5) years, A-Check furnished to employers nationwide, NATCRIM reports, or other criminal background reports generated from a national database containing public record information likely to have an adverse affect on the consumers' ability to obtain employment.

29.    A-Check fails to notify consumers contemporaneously of the fact it has provided such reports along with the name and address of the employer that the report has been furnished to, in violation of 15 U.S.C. § 1681k(a)(1).

30.    On information and belief, Johnson alleges that A-Check did not attempt for any consumer to follow the option available at 15 U.S.C. § 1681k(a)(2), which requires a consumer reporting agency to actually contact the original source of public records information (e.g. the Court clerk) immediately before furnishing a report which includes such information. Title 15 U. S.C. § 168 1k(a)(2) is thus inapplicable to the consumer reports

1    at issue in this case.

2       31.    A-Check's violations of the FCRA have been willful, wanton
3
4    and reckless in that A-Check knew, or reasonably should have known, that it
5    was failing to comply with the requirements of the FCRA.

6       32.    15 U.S.C. §1681n(a) permits a consumer to recover statutory
7
8    and punitive damages, along with attorneys' fees and costs for willful
9    violations of the FCRA.

10                   **COUNT ONE - CLASS CLAIM**
11                **VIOLATION OF 15 U.S.C. § 1681K(A)(1)**
12

13      33.    Pursuant to Fed. R. Civ. P. 23, Johnson brings this action on
14
15    behalf of the Class initially defined below:

16              All natural persons residing in the United States
17              (including all territories and other political
                subdivisions of the United States) (a) who were the
18              subject of a report sold by A-Check to a third
19              party, (b) that was furnished for an employment
                purpose, (c) that contained at least one record of a
20              criminal conviction or arrest, civil lien, bankruptcy
21              or civil judgment obtained directly from a source
                other than the courthouse or governmental entity
22              that maintains such record (i.e. information from a
23              non-governmental database), (d) within five years
                next preceding the filing of this action and during
24              its pendency, and (e) to whom A-Check did not
25              place in the United States mail postage pre-paid,
                on the day they furnished any part of the report, a
26              written notice that it was furnishing the subject

27

28

report and containing the name of the person that was to receive the report. Excluded from the class definition are any employees, officers, directors of A-Check, any attorney appearing in this case, and any judge assigned to hear this action.

34.    **Numerosity**. Fed. R. Civ. P. 23(a)(1). The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by A-Check, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

35.    **Existence and Predominance of Common Questions of Law and Fact**. Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be A-Check's uniform conduct and procedures, whether A-Check sent the required notices, when it did so and whether A-Check acted willfully in its failure to design and implement procedures to assure compliant delivery and/or timing of these notices. Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. § 1681n is a common question.

36.    **Typicality**. Fed. R. Civ. P. 23(a)(3). Johnson's claim is typical of the claims of each Class member. Johnson seeks only statutory and

punitive damages. In addition, Johnson is entitled to relief under the same causes of action as the other members of the Class.

37.   **Adequacy**. Fed. R. Civ. P. 23(a)(4). Johnson is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Johnson and his Counsel will fairly and adequately protect the interests of members of the Class.

38.   **Superiority**. Fed. R. Civ. P. 23(b)(3).   Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by A-Check's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the

courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by A-Check's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

39.     **Injunctive Relief Appropriate for the Class**. Fed. R. Civ. P. 23(b)(2). Class certification is appropriate because A-Check has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Johnson and the Class members.

40.     A-Check's failure to timely provide the required FCRA notices to Johnson and other members of the putative class violated 15 U.S.C. § 1681k(a)(l).

41.     The conduct, action, and inaction of A-Check was willful, rendering A-Check liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

42.   Johnson and other members of the putative class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from A-Check in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

43.   As a result of these FCRA violations, A-Check is liable to Johnson and to each Class Member, for statutory damages between $100.00 and $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorney fees and costs pursuant to 15 U.S.C. § 1681n.

## JURY TRIAL DEMAND

44.   Johnson demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Johnson seeks judgment for the following:

a. that an order be entered certifying the proposed Class pursuant to Fed. R. Civ. P. 23(b)(3) and appointing Johnson and his counsel to represent the Class;

b. an order declaring that A-Check's actions as described above violated the FCRA;

c. that judgment be entered against A-Check for statutory damages of not less than $100.00 and not more than $1,000.00 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

d. that judgment be entered against A-Check punitive damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681n(a)(2); and

e. that the Court award costs and reasonable attorney fees pursuant to 15 U.S.C. § 1681n.

Dated: October 19, 2012

Respectfully submitted,

MCCOY, TURNAGE & ROBERTSON, LLP

By: _____
James R. Robertson
*Counsel for Mark A. Johnson and the*
*putative class*

14

ORIGINAL

Name & Address:
MCCOY, TURNAGE & ROBERTSON, LLP
James R. Robertson, SBN 204923
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
T: 858-300-1900    F: 858-300-1910

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANDREW JOHNSON, on behalf of himself and all others similarly situated.<br><br>PLAINTIFF(S)<br><br>v.<br><br>A-CHECK AMERICA, INC., a California Corporation.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-09038 RGK (JCx)<br><br><br>SUMMONS |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _McCoy, Turnage & Robertson, LLP___, whose address is _5469 Kearny Villa Road, Suite 206, San Diego, California 92123_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:    OCT 1 9 2012                    By: _____
                                             Deputy Clerk

                                             (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*



## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MARK ANDREW JOHNSON, on behalf of himself and all others similarly situated.

**DEFENDANTS**
A-CHECK AMERICA, INC., a California Corporation.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

MCCOY, TURNAGE & ROBERTSON, LLP
James R. Robertson, SBN 204923
5469 Kearny Villa Road, Suite 206, San Diego, CA 92123 (T:858-300-1900)

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C 1681 (Fair Credit Reporting Act) - failure to comply with statutory notice and reporting requirements

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| | ☐ 190 Other Contract | | ☐ 445 American with Disabilities - Employment | | ☐ 861 HIA (1395ff) |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | | | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   CV12 09038

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | ARIZONA |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES |  |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date **October 19, 2012**

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV12-9038 RGK (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY